**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

---

No. 14-1831

---

UNITED STATES OF AMERICA

v.

JESSE NATHANIEL PENN, JR.
Appellant

---

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2:12-cr-00240-001)
District Judge: Honorable Terrence F. McVerry

---

Argued February 12, 2015

---

Before: CHAGARES, JORDAN, and VANASKIE, *Circuit Judges*.

(Opinion Filed: April 14, 2015)

Lisa B. Freeland, Esq.
Candace Cain, Esq. [ARGUED]
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA 15222
*Counsel for Appellant*

David J. Hickton, Esq.
Michael L. Ivory, Esq. [ARGUED]
Rebecca R. Haywood, Esq.
Office of the United States Attorney
700 Grant Street

Suite 4000
Pittsburgh, PA 15219
*Counsel for Appellee*

OPINION[*]

VANASKIE, *Circuit Judge*.

Appellant Jesse Nathaniel Penn, Jr. was convicted of possessing firearms as a felon under 18 U.S.C. § 922(g)(1). At trial, the Government introduced evidence that Penn had previously been convicted of possession of a firearm in furtherance of drug trafficking under 18 U.S.C. § 924(c). Both parties now agree that the nature of Penn's prior conviction was admitted in error. Because we conclude that this error was not harmless, we will vacate and remand for a new trial.

I.

In the spring of 2011 Penn was staying at his estranged wife Gineara's house. On June 16, law enforcement officers entered Gineara's home to arrest Penn for a probation violation. While securing the premises, an officer noticed a bulletproof vest in plain sight in the basement. Other officers found Penn on the second floor. After obtaining a search warrant for contraband related to the vest, officers discovered that a backpack near the vest contained a pink .380 Taurus handgun, a Smith & Wesson revolver, and ammunition. About a foot from the backpack, officers found a shoebox containing official papers in Penn's name and three cell phones. On the car ride to the county jail,

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Penn asked what had been found in the house. When a detective told him "two guns and a vest," Penn asked "is there anything I can do to make those guns go away?" (App. 134.)

The Government charged Penn as a felon in possession of firearms under 18 U.S.C. § 922(g)(1). The Government notified Penn before trial that it would introduce his 2005 felony conviction for the same crime because "[h]aving pleaded not guilty to the Indictment, defendant has placed the matter of his knowledge and intent directly at issue. Defendant's previous firearms possession conviction is relevant to the issue of knowledge and intent." (App. 75.) Penn responded that because he would argue that he did not possess the firearms in the backpack, "the issue of 'knowledge' is a ploy to put enormously prejudicial evidence before the jury." (App. 80.) The District Court admitted the 2005 conviction over Penn's objection, but instructed the jury:

> You may consider Mr. Penn's conviction in 2005 only for one narrow purpose. You may not consider his prior conviction in deciding whether or not Mr. Penn possessed the guns and ammunition with which he is charged in this case.
>
> However, if you determine that the Government has proven beyond a reasonable doubt that Mr. Penn possessed the guns and ammunition charged in this case on June 16, 2011, then you may consider his 2005 conviction only to decide whether or not that possession was knowing as opposed to inadvertent or mistaken.
>
> . . .
>
> You may not use the evidence of Mr. Penn's prior conviction in 2005 for any other purpose. Mr. Penn is not on trial now for committing this other act in 2005. You may not consider the evidence of his 2005 conviction as proof that he,

> the Defendant, has a bad character or any propensity or tendency or predisposition to commit crimes.

(App. 296–97.) The jury convicted Penn and he timely appealed.

Penn now seeks a new trial on the basis that the District Court erred in admitting evidence of his prior conviction. The Government concedes that the District Court erred,[1] but argues that the error was harmless.

II.

The District Court had jurisdiction under 18 U.S.C. § 3231. We have appellate jurisdiction under 28 U.S.C. § 1291. We review the improper admission of evidence of a prior felony conviction for harmless error. *United States v. Brown*, 765 F.3d 278, 295 (3d Cir. 2014). "The test for harmless error is whether it is highly probable that the error did not contribute to the judgment, which requires that the court possess a sure conviction that the error did not prejudice the defendant." *United States v. Cunningham*, 694 F.3d 372, 391–92 (3d Cir. 2012) (quoting *United States v. Vosburgh*, 602 F.3d 512, 540 (3d Cir. 2010)) (internal quotation marks omitted) (alterations omitted). The Government

---

[1] Fed. R. Evid. 404(b) prohibits using evidence of a prior crime to show a defendant's propensity for criminality, but allows such evidence to show "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." The Government maintains that Penn's 2005 conviction was technically admissible under this Rule to show Penn's knowledge of the firearms, but conceded that it "failed to articulate a chain of inferences demonstrating how the prior conviction was relevant to show Penn's knowledge." Appellee Br. at 14.

Penn's 2005 conviction, however, has no bearing on his knowledge of firearms in his wife's basement in 2011. Instead, it supports only the impermissible inference that Penn is the type of person who would possess guns. Such propensity evidence undermines the presumption of innocence, and the damage cannot be repaired by instructing the jury to ignore the 2005 conviction. *See Gov't of Virgin Islands v. Toto*, 529 F.2d 278, 283 (3d Cir. 1976) ("A drop of ink cannot be removed from a glass of milk.").

bears the burden of showing harmlessness. *United States v. Reynolds*, 710 F.3d 498, 515 (3d Cir. 2013).

III.

Only last year, we decided two cases presenting the question raised here: whether the erroneous admission of evidence of a prior firearms offense constituted harmless error at a trial on firearms charges. In *United States v. Brown*, police officers discovered a pistol underneath Brown's seat in a car, and Brown claimed he did not know the weapon was there. 765 F.3d at 285. The Government introduced evidence at trial that Brown had previously used a straw purchaser to acquire firearms. *Id*. at 285–86. On appeal, we held that the District Court had erroneously admitted the straw purchaser evidence under Rule 404(b). *Id*. at 292-94. We noted that although the Government presented a "substantial case" against Brown, it "failed to present anyone who could put the firearm in Brown's hands," and one of Brown's witnesses "testified that she placed the gun under the seat without Brown's knowledge." *Id*. at 295. We therefore held that we could not reach a "sure conviction" that Brown was not prejudiced by the erroneous admission of the straw purchaser evidence. *Id*.

Similarly, in *United States v. Caldwell*, a jury convicted Caldwell of being a felon in possession of a firearm after the District Court admitted Caldwell's prior firearm possession convictions. 760 F.3d 267, 274 (3d Cir. 2014). We held that the convictions should not have been admitted under Fed. R. Evid. 404(b), and refused to declare this error harmless because the defendant "managed to poke holes in the Government's

investigation," "vigorously maintained his innocence," and introduced witness testimony supporting his case. *Id.* at 283, 285.

Here, as in *Brown* and *Caldwell*, the Government has presented substantial evidence that Penn possessed the firearms found in his wife's basement. Penn asked "[I]s there anything I can do to make those guns go away?" (App. 134); his wife testified that she told Penn about the backpack containing the firearms and he promised to "take care of it" (App. 220); officers found Penn's personal items near the backpack; and records suggest that on the morning of his arrest, Penn read text messages on the cell phones found near the backpack.

However, as in *Brown* and *Caldwell*, the Government failed to produce direct evidence that Penn possessed the firearms. Moreover, Penn identifies a number of weaknesses in the Government's case: one of the firearms contained DNA belonging to someone other than Penn; his wife admitted that she feared she might go to prison and lose her children if she did not cooperate against Penn and answer the questions the way the agents wanted; and Penn was not consistently living at his wife's house (in fact, it was the third place officers looked for him). In light of the powerful prejudicial effect of Penn's prior conviction and the lack of overwhelming evidence supporting the Government's case, we lack a "sure conviction" that the error here was harmless.[2] Accordingly, Penn is entitled to a new trial.

[2] On appeal, Penn also challenges the District Court's refusal to admit certain text messages that purport to show that Gineara was biased towards him. The District Court did not allow that evidence because Penn failed to introduce the text messages when

IV.

For the reasons set forth above, we will vacate the judgment of the District Court and remand for a new trial.

---

Gineara was on the stand. Because we will remand on other grounds, we need not decide whether that ruling was in error.